UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES R. CLARK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>HELEN J. MARBERRY, Warden, )<br>)<br>Respondent. ) | No. 2:10-cv-16-WTL-TAB |

**Entry Directing Further Proceedings**

**I.**

The petitioner's inclusion of Judge Maurice M. Paul is **stricken as improper**.

**II.**

Petitioner James R. Clark is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction entered in the Northern District of Florida.

The petitioner may have an uphill path to travel in demonstrating that a remedy via § 2241(c)(3) should be available to him. And it is his burden to show that such a remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002).

On the basis of the foregoing, therefore, the petitioner shall have **through February 12, 2010,** in which to **show cause** why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the Northern District of Florida.

**IT IS SO ORDERED.**

Date: 01/20/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

James R. Clark
No. 24581-079
Terre Haute-FCI
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808